[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATIONRE P.B. § 227 DISCOVERY
This case involves a motion for reconsideration of a ruling made on a request for production under P.B. § 227. The factual background remains the same except for additional facts brought to the court's attention which will be mentioned shortly.
Two companion cases presently before the court arise out of a fire that occurred at the Pizza Connection, Inc., a restaurant in Hartford, Connecticut. The insurer in its action seeks a ruling by the court that it has no obligation to honor a policy of insurance it had on the premises. The insured has brought an action in which it claims the insurer has failed to honor its policy. Originally the insurer represented that Mr. and Mrs. Citino are either the sole stockholders in the corporation or the majority stockholders. In the action by the insured against Aetna the insured objected to the insurer's request for production directed against the Citinos which asked the plaintiff Pizza Connection to produce the Citinos' credit card statements for the year of the fire, 1991, and the hotel bill and airline ticket purchases for a trip to St. Martins allegedly taken by the Citinos in June 1991, the month in which the fire occurred. In the action brought by the insurer, Aetna, the insurer filed a request for production directed to the Citinos requesting the defendant Pizza Connection produce certain photographs taken by the Citinos during their vacation to St. Martins and state and federal income tax returns filed by them. Apparently at a deposition of Mrs. citino she testified that on the date of the fire she and her husband were vacationing in St. Martins.
The pleadings in both cases make it apparent that one of CT Page 13917 Aetna's claims is that the fire was a deliberate act of arson brought about by or at the direction of agents, servants or employees of the Pizza Connection. Of course the insured denies these allegations. In what might be called Pizza Connection I, I ruled that discovery via a request for production pursuant to P.B. § 227 or interrogatories pursuant to P.B. § 223 was not available against the sole shareholder of the corporate defendant because under those rules discovery is limited to "parties". The definition of "party" with respect to a corporate defendant is limited by P.B. § 216(2) to agents, employees, officers or directors. (14 Conn. L. Rptr. 547, 1995.)
The insurer has filed a motion for reconsideration, bringing new facts — which are uncontested — to the court's attention. Mr. and Mrs. Citino are in fact officers of the corporation, both worked in the business and received paychecks. They thus appear to be agents, officers and employees of the corporation.
The items sought are being sought pursuant to P.B. § 227, a request for production. If the request is made to the corporation, Pizza Connection, Inc., the request would fail if the corporation does not have custody and control of the material sought.
However, a request directed to the Citinos for production would seem appropriate. They seem to fall within the definition of parties under the Practice Book and they apparently might have in their possession items which are material to the prosecution and defense of each action wherein the Pizza Connection is either a plaintiff or defendant. To guard against abuse in this situation, individuals like the Citinos could request protective orders under P.B. § 221 if the production request invades their privacy or is overbroad. But the mere fact that they are not named parties in the litigation without more shouldn't bar discovery. These items could be secured through a deposition or trial subpoena in any event, so it can hardly be argued that allowing this discovery is unduly oppressive. There should be at least a threshold requirement that any agents, employees, or officers of a corporation against whom a request for production is directed are likely to have information or items that would be material in the action by or against the corporation; that seems to be met here.
If the request for production is directed against the Pizza CT Page 13918 Connection it must comply if the items requested are in its control. If not, such a request can be directed to the Citinos as long as the request indicates that they have a right to file a protective order within ten days of the request. I feel such discovery must be allowed against corporate agents, employees or officers otherwise in litigation involving corporations important material could be made unavailable for discovery under the rules simply by transferring it to corporate agents. Also, even if the items requested, as here, are not corporate records there is no good reason why a corporate agent who has possession of information or items material to an action by or against his corporation shouldn't be required to make them available by a request for production instead of forcing a party to schedule a deposition. The interest of the corporation and its agent are aligned by the very finding of materiality and the risk of oppression is minimal if the corporate agents involved are in fact officers. Any possible risk of imposing burdensome and oppressive discovery requests on these individuals would be forestalled by recognizing they had right to file a motion for a protective order.